WARNER, J.
When the insured appellant received notice of an increase in her automobile insurance premium or cancellation of the policy, she desired to prevent cancellation and agreed to her agent’s suggestion that the policy be amended to reduce coverage by eliminating comprehensive collision coverage on the vehicle. She signed a change of policy form reflecting this amendment. Later, she received a notice indicating that her insurance was reinstated “as originally written.” This notice was sent two days after the covered vehicle was damaged in a collision. Based upon the elimination of collision coverage, the insurance company denied appellant’s claim for the damage to the vehicle, and she sought a declaratory judgment that the policy covered the damage to the vehicle. The trial court determined that no coverage existed at the time of the collision. We affirm.
At the trial, witnesses testified that the language “as originally written” referred to the policy with any amendments, including the reduction in coverage. Although there was conflicting evidence as to what occurred between the agent and appellant, the court determined that appellant had eliminated the collision coverage in the policy prior to the vehicular accident. That was a factual issue for the trial court, and because it is supported by substantial competent evidence, we uphold that determination. See Allstate Ins. Co. v. Crawford, 865 So.2d 408, 409 (Fla. 3d DCA 1978).
Appellant claims that pursuant to section 627.7282, Florida Statutes (1999), *1039 which sets forth the procedure an insurance company must follow when an additional premium is sought, she had three options when notified of the increase in premium: (1) pay the additional premium; (2) demand cancellation of the policy and refund of any unearned premiums; or (3) do nothing, in which case the policy would be cancelled at the date specified in the notice and any unearned premiums returned. Because a reduction in the policy coverage was not one of the statutory options, appellant claimed the amendment to her policy had no effect. Therefore, the original policy, including collision coverage, remained in effect until the cancellation date of the policy specified in the notice of increase (option 3). However, we do not read this mandatory notice provision as precluding the insured from changing coverage in order to reduce the premium. In this case, it was the insured who wished to prevent cancellation without paying an increased premium, which the elimination of the collision coverage accomplished. She cannot now hide behind that statute to escape her poor decision.
Affirmed.
KLEIN and MAY, JJ., concur.